UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth Rivera, | C/A No. 8:24-cv-5292-SAL-WSB |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Kanzora Robinson, Ms. Eady, Sandra Bowie, Ms. L. Snow, | |
| Defendants. | |

This matter is before the Court for initial screening under 28 U.S.C. § 1915A. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review *pro se* complaints filed by prisoners, such as the one filed in this case, and submit findings and recommendations to the District Judge. For the reasons below, this action is subject to dismissal.

## BACKGROUND

Kenneth Rivera ("Plaintiff") is an inmate in the custody of the South Carolina Department of Corrections ("SCDC"), and, at the time of the events giving rise to his claims, he was incarcerated at the Broad River Secure Facility ("BRSF") in Columbia, South Carolina.[1] ECF No. 1-1 at 4. Plaintiff commenced this action by filing a Complaint on June 10, 2024, in the Richland County Court of Common Pleas at case number 2024-cp-40-03495. *Id*.

---

[1] Plaintiff has been transferred and is now incarcerated at the Turbeville Correctional Institution ("TCI") in Turbeville, South Carolina. *See* ECF No. 5 at 1; *see also* SCDC Incarcerated Inmate Search, available at https://public.doc.state.sc.us/scdc-public/ (search by Plaintiff's first and last name) (last visited October 3, 2024).

1

On September 25, 2024, Defendants Eady, Snow, and Robinson (the "Removing Defendants") filed a notice of removal.[2] ECF No. 1. The Removing Defendants assert that this Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1441, as Plaintiff has raised federal law claims under 42 U.S.C. § 1983 and other various federal statutes and provisions of the United States Constitution. *Id*. at 2 ¶¶ 5–7.

Plaintiff makes the following allegations in his Complaint. ECF No. 1-1 at 3–8. On August 12, 2022, Plaintiff was removed from the general population at Broad River Correctional Institution ("BRCI") and placed in the Restricted Housing Unit ("RHU") at BRSF. *Id*. at 5. Since his placement in the RHU at BRSF, "his incoming privileged mail has been censored." *Id*. Plaintiff contends that Defendants changed certain sections of the inmate correspondence policy in September 2022 to specifically target SCDC inmates in the RHU. *Id*. Plaintiff alleges that on "several dates" while he was housed in RHU, he complained to Defendants that the policy changes violated his First Amendment rights. *Id*. at 6. Prior to September 2022, all inmates housed in the RHU, including Plaintiff, were allowed to receive the following in the mail: cut-out newspaper/magazine clippings, photocopies of books, information printed from the internet, and crossword puzzles. *Id*. Now, however, Plaintiff cannot receive those items in the mail "and his mail is limited." *Id*.

Plaintiff contends that on June 23, 2023, Defendant Snow refused to process a grievance that challenged the censorship of his mail. *Id*. Plaintiff contends he is in long-term segregation

---

[2] The Removing Defendants note that they were each served with a copy of the Summons and Complaint on August 27, 2024, and that they are all current employees of SCDC. ECF No. 1 at 1 ¶ 2. SCDC Office of General Counsel accepted service of the pleadings. *Id*. The Removing Defendants further note that Defendant Bowie has not been served with the Summons and Complaint, as she retired from SCDC in January 2024 and the SCDC Office of General Counsel does not accept service of pleadings for individuals not currently employed by the agency. *Id*. at 2 ¶ 3.

but still has all of his privileges, and Defendants' "restrict[ing] his mail from books, information, puzzles, etc., without just cause is a violation." *Id*. He contends Defendants know that none of Plaintiff's incoming mail is a violation of SCDC Policy. *Id*.

Based on these allegations, Plaintiff asserts the following claims. First, he contends that Defendants violated his rights to freedom of the press, freedom to receive mail, and right to redress his grievances. *Id*. at 7. He also contends that he filed a Step 1 Grievance to resolve the matter on June 23, 2023, but that Defendants refused to process that grievance. *Id*. Finally, he asserts that he has no other plain, adequate, or complete remedy at law to redress the wrongs he is complaining about and thus he seeks declaratory and injunctive relief. *Id*.

For his relief, Plaintiff requests a declaration from the Court that Defendants' conduct violated Plaintiff's rights. *Id*. He also requests a preliminary and permanent injunction ordering Defendants to stop censoring his incoming mail and tampering with his grievances. *Id*. Finally, Plaintiff seeks compensatory damages in the amount of $30,000 and punitive damages in the amount of $15,000 against each Defendant. *Id*. at 8.

## STANDARD OF REVIEW

Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Therefore, this Court is charged with screening Plaintiff's lawsuit to identify any cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact).  "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint filed in this case is subject to dismissal for the reasons below.

**Plaintiff's Claims for Declaratory and Injunctive Relief are Moot**

As an initial matter, because Plaintiff is no longer incarcerated in the RHU at BRSF, the claims seeking injunctive and declaratory relief are moot. Article III of the Constitution limits judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III – when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks omitted). Where injunctive or declaratory relief is requested in an inmate's complaint, certain events occurring subsequent to the filing of the complaint may render the matter moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *see also Slade v. Hampton Rd's Reg'l Jail*, 407 F.3d 243, 248-49 (4th Cir. 2005) (pre-trial detainee's release

moots his claim for injunctive relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief). "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claim for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (citations omitted). Plaintiff's transfer from BRSF to TCI therefore moots his claims for declaratory and injunctive relief.

**Plaintiff's Claims for Monetary Relief**

Plaintiff's claims for monetary damages, however, can survive his transfer from BRSF to TCI, and, as public officials, Defendants are subject to suit for damages in their individual capacities in this § 1983 lawsuit. *Hafer v. Melo,* 502 U.S. 21, 31 (1991); *Goodmon v. Rockefeller,* 947 F.2d 1186, 1187 (4th Cir. 1991). Nevertheless, Plaintiff's claims for money damages are subject to dismissal for the reasons below.

**Censorship of Plaintiff's Mail**

The crux of this action is Plaintiff's contention that Defendants have censored his mail and interfered with his ability to receive incoming mail. Plaintiff's allegations fail to establish a claim for relief that is cognizable.

A prisoner enjoys a First Amendment right to receive and send mail, *see Thornburgh v. Abbott,* 490 U.S. 401, 407 (1989), but prison officials may adopt regulations that impinge on a prisoner's constitutional rights if those regulations are "reasonably related to legitimate penological interests," *Turner v. Safley,* 482 U.S. 78, 89 (1987). Legitimate penological interests include preserving prison security and maintaining order and discipline. *See O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987). Moreover, in noting the delicate nature of prison management, the Supreme Court of the United States of America has "afforded considerable deference to the

6

determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world." *Thornburgh,* 490 U.S. at 408. Thus, a prisoner's First Amendment right to receive mail is subject "to the right of prison officials to open a prisoner's incoming mail in accordance with uniformly applied policies deemed appropriate to maintain prison security." *Kensu v. Haigh,* 87 F.3d 172, 174 (6th Cir. 1996); *see Gaines v. Lane,* 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding regulations against First Amendment challenges that authorize prison officials to inspect incoming or outgoing non-legal mail for contraband).

As an initial matter, Plaintiff's cursory allegations fail to state a claim for relief that is plausible. Plaintiff alleges that SCDC Policy restricts certain incoming mail to inmates in the RHU and that he complained about this Policy on "several dates" while he was housed in RHU. ECF No. 1-1 at 5. Such cursory allegations are insufficient to state a viable First Amendment claim. Plaintiff does not allege that any particular incoming mail should have been delivered but was not delivered to him. He does not allege that any particular Defendant interfered with a specific item of incoming mail. "In absence of substantive allegations of wrongdoing against the named Defendant[s], there is nothing from which this Court can liberally construe any type of viable cause of action arising from the Complaint. It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be 'mind readers' or 'advocates' for state prisoners or *pro se* litigants." *Smith v. Fox*, C/A No. 6:09-cv-3280-TLW-WMC, 2010 WL 1052484, at *2 (D.S.C. Jan. 8, 2010). Although Plaintiff's allegations must be liberally construed, he must provide more than general and conclusory statements to allege a plausible claim for relief. *Wise v. Kendall*, C/A No. 6:21-cv-02590-JD-KFM, 2021 WL 6773025, at *2 (D.S.C. Dec. 17, 2021), *R&R adopted by* 2022 WL 298158 (D.S.C. Jan. 31, 2022). Because Plaintiff fails to do so here, the claims are subject to dismissal.

7

Further, it is well-settled in this District that the SCDC Policy provision at issue in this case (SCDC Policy PS-10.08)[3] does not offend the United States Constitution or deprive an inmate of his constitutional rights. *See, e.g., Perry v. Cartledge*, C/A No. 8:13-cv-1656-BHH, 2014 WL 4700885, at *10 (D.S.C. Sept. 19, 2014) (finding the plaintiff failed to show that SCDC Policy PS-10.08 did not meet some penological interest or that no alternative avenues remain open for him to exercise his First Amendment rights and dismissing the claim); *Goss v. Stirling*, C/A No. 0:18-cv-326-BHH-PJG, 2019 WL 10948725, at *7 (D.S.C. Dec. 17, 2019) ("[C]ourts in this district have routinely upheld that restrictions on the receipt of newspapers, magazines, and other publications by inmates do not violate an inmate's First Amendment rights when the policies at issue are reasonably related to legitimate penological interests." (collecting cases)), *R&R adopted by* 2020 WL 4932276 (D.S.C. Aug. 21, 2020), *aff'd*, 859 F. App'x 681 (4th Cir. 2021). Here, "Plaintiff has failed to show a constitutional deprivation with respect to this [P]olicy." *Khan v. Stirling*, C/A No. 9:15-cv-4585-BHH-BM, 2017 WL 535325, at *3 (D.S.C. Jan. 13, 2017) (discussing First Amendment claim regarding SCDC Policy PS-10.08) (collecting cases), *R&R*

---

[3] Plaintiff appears to take issue with subsection 6.1.9 of SCDC Policy PS-10.08, which provides "Inmates in RHU and SSR will not be allowed to receive newspaper/magazine clippings/crossword puzzle pages/photocopies of books, or information printed from the Internet mailed in while they are house in RHU/SSR, per SCDC Policy OP-22.38, 'Restrictive Housing Unit.'" *See* SCDC Policy PS-10.08 ("Inmate Correspondence Privileges"), subsection 6.1.9, available at https://www.doc.sc.gov/policy/policy-listing. *See* ECF No. 1-1 at 6 ¶ 13 (referring to SCDC Policy that restricts RHU inmate mail to prohibit "cut-out newspaper/magazine clippings; photocopies of books; information printed off the internet and crossword puzzles"); *id*. at 15 (Plaintiff's Request to Staff Member ("RTSM") dated October 12, 2022, complaining of Plaintiff's mail restrictions and citing SCDC Policy PS-10.08 § 6.1.9); *id*. at 18 (Plaintiff's RTSM dated November 10, 2022, complaining of Plaintiff's mail restrictions and citing SCDC Policy PS-10.08 § 6.1.9); *id*. at 28 (Plaintiff's RTSM dated March 31, 2023, complaining of Plaintiff's mail restrictions and citing SCDC Policy PS-10.08 § 6.1.9) *id*. at 29 (Plaintiff's RTSM dated April 19, 2023, complaining of Plaintiff's mail restrictions and citing SCDC Policy PS-10.08 § 6.1.9).

*adopted by* 2017 WL 530319 (D.S.C. Feb. 9, 2017). Accordingly, Plaintiff's claim, as alleged, is without merit.[4]

**Violation of SCDC Policy**

To the extent Plaintiff asserts entitlement to relief because Defendants violated SCDC Policy, any such claim is without merit as a matter of law. *See, e.g., Joyner v. Patterson*, C/A No. 0:13-cv-2675-DCN-PJG, 2014 WL 897121, at *4 (D.S.C. Mar. 6, 2014) ("Section 1983 provides relief from a violation of federal constitutional rights, not from a violation of prison-created policies or procedures."), *R&R adopted by* 2014 WL 3909531 (D.S.C. Aug. 11, 2014), *aff'd*, 597 F. App'x 748 (4th Cir. 2015); *Johnson v. SCDC*, C/A No. 3:06-cv-2062-CMC-JRM, 2007 WL 904826, at *12 (D.S.C. Mar. 21, 2007) ("[T]he failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation."); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (explaining that § 1983 "guarantees a person's

---

[4] Plaintiff has not expressly alleged that *legal mail* was opened outside of his presence in violation of his constitutional rights. The United States Court of Appeals for the Fourth Circuit, in *Altizer v. Deeds,* 191 F.3d 540, 547–48 (4th Cir. 1999), held "the opening and inspecting of an inmate's outgoing mail is reasonably related to legitimate penological interests, and, therefore, constitutional . . ." However, in a footnote, the court noted that "[i]nspecting an inmate's legal mail may implicate the inmate's Sixth Amendment right to communicate freely with his attorney in a criminal case." *Id.* at 549 n. 14 (citing *Wolff v. McDonnell,* 418 U.S. 539, 575 (1974)). Legal mail should not be opened outside of the presence of the prisoner-addressee. *See Wolff,* 418 U.S. at 575. However, to state a claim for a constitutional violation, a plaintiff must show actual injury by the opening. *Lewis,* 518 U.S. 352–54. To show an actual injury, an inmate must "demonstrate that a non-frivolous legal claim had been frustrated or was being impeded." *Id.* at 353. The prisoner must make specific allegations as to the actual injury sustained. *See Cochran v. Morris,* 73 F.3d 1310, 1317 (4th Cir. 1996) (holding the plaintiff failed to identify any actual injury resulting from official conduct); *Strickler v. Waters,* 989 F.2d 1375, 1384 (4th Cir. 1993) (holding the plaintiff had a "basic requirement that he show specific harm or prejudice from the allegedly denied access"). Plaintiff fails to allege facts that would tend to show a pending legal case, or any other legal matter, has been adversely affected due to his mail allegedly being opened outside his presence. Further, Plaintiff does not allege facts to support a conclusion that any of his mail at issue in this case was legal mail.

*constitutional* rights against violation by state actors" but does not provide any relief against violations of SCDC rules and policies). "[V]iolations of prison policies and/or procedures do not rise to the level of a constitutional violation." *Rivera v. Byars*, C/A No. 8:12-cv-02219-JMC, 2013 WL 4697177, at *5 (D.S.C. Aug. 30, 2013).

**Violation of SCDC Grievance Procedures**

Likewise, a claim that Defendants have violated Plaintiff's constitutional rights by denying him access to the SCDC grievance process is without merit, as it also fails to state a claim as a matter of law. Inmates do not have a constitutional right to a grievance process. *See Jenkins v. Porter*, C/A No. 3:09-cv-2697-HMH-JRM, 2010 WL 2640253, at *3 (D.S.C. June 3, 2010) ("Even assuming that Defendant violated SCDC grievance procedures, such actions do not state a claim which is actionable under § 1983."), *R&R adopted by* 2010 WL 2640257 (D.S.C. June 29, 2010). The "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994); *see also Keeler*, 782 F. Supp. at 44 (finding that § 1983 "does not provide any relief against prison rules violations assuming, arguendo, that such a violation occurred"). Thus, even assuming that Defendants violated SCDC grievance procedures, such conduct does not support a claim that is actionable under § 1983, and Plaintiff's allegation that Snow, or any other Defendant, did not follow SCDC policies or procedures or interfered with the grievance procedures, standing alone, does not amount to a constitutional violation. *See Brown v. Dodson*, 863 F. Supp. 284 (W.D. Va.1994); *Wright v. Newsome*, C/A No. 2:18-cv-01587-JMC-MGB, 2019 WL 6091065, at *4 (D.S.C. June 25, 2019), *R&R adopted by* 2019 WL 3852506 (D.S.C. Aug. 16, 2019). Accordingly, Plaintiff's claims arising from Defendants' alleged mishandling of his grievances is subject to dismissal as a matter of law.

**Failure to Allege Personal Wrongdoing of the Named Defendants**

Plaintiff has also failed to present allegations that Defendants were personally involved in the alleged deprivations of his constitutional rights. Although Defendants are named in the caption of the Complaint, Plaintiff makes no allegations against them in the body of the Complaint except to allege that Snow failed to process his grievance. ECF No. 1-1 at 6. As such, Defendants are entitled to dismissal from this action for lack of allegations of their personal involvement. *See Garner v. Cohen*, C/A No. 2:16-cv-561-TLW-MGB, 2016 WL 9175627, at *4 (D.S.C. Sept. 1, 2016), *R&R adopted by* 2017 WL 2645754 (D.S.C. June 20, 2017) (finding the complaint's "vague references to [*pro se*] Plaintiff's rights being violated, absent any specific facts or allegations against the Defendants, [were] wholly insufficient to state any sort of plausible claim").

**Supervisory Liability**

Plaintiff may be attempting to sue Defendants in their capacities as supervisors. For example, Plaintiff identifies Defendant Robinson as "the Director of Inmate Mail Service of [SCDC]" and that "[s]he is legally responsible for the overall mail operation of [SCDC] and each institution under its jurisdiction." ECF No. 1-1 at 4 ¶ 4. Plaintiff identifies Eady as "the Postal Director of [BRCI]" and is "legally responsible for the mail of BRCI-BRSF." *Id*. at 4 ¶ 5. He identifies Bowie as "the Director of Policy Development of [SCDC]" and that "[s]he is legally responsible for all policies and policy changes of [SCDC]." *Id*. at 5 ¶ 6. Finally, he identifies Snow as the Inmate Grievance Coordinator of BRCI and "is legally responsible for inmate grievances at BRSF." *Id*. at 5 ¶ 7. However, to the extent Plaintiff bases his claims against Defendants on the theory of supervisory liability, his claims are without merit. Because the doctrine of respondeat superior does not apply to § 1983 claims, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978), a defendant is liable in his individual capacity

only for his personal wrongdoing or supervisory actions that violated constitutional norms, *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth elements necessary to establish supervisory liability under § 1983). A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to the knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[ ]"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* (citations omitted). Here, Plaintiff has failed to state a § 1983 claim against Defendants based on a theory of supervisory liability because Plaintiff has failed to allege that they had actual or constructive knowledge of subordinates engaging in pervasive or widespread conduct that posed a risk of injury to inmates like Plaintiff.

**Plaintiff's Prior Cases**

Finally, the Court notes that Plaintiff is a prolific filer of lawsuits in this Court and in other courts. Indeed, Plaintiff has filed nearly 40 cases in this Court.[5] In some of his prior cases, Plaintiff raised similar claims to those he asserts in the present case. This Court has repeatedly dismissed such claims. Although Plaintiff's prior cases involved different alleged incidents, the allegations were similar, and the claims were dismissed as a matter of law.

---

[5] *See* case numbers 24-5292, 23-4801, 23-1107, 22-1994, 21-3492, 21-2407, 21-1690, 20-3356, 20-1768, 19-3126, 19-0718, 18-2539, 18-2301, 18-0577, 17-3337, 17-2087, 16-1202, 16-0481, 16-0206, 15-4482, 15-3650, 15-3318, 15-3272, 15-3196, 15-2995, 15-2347, 15-2135, 13-1234, 13-1233, 13-0936, 13-0553, 13-0552, 12-3214, 12-2469, 12-2318, 12-2219, 12-2218, 12-1443, 12-0233. Some of those cases, like the present case, were filed in state court and removed to this Court.

12

For example, Plaintiff has frequently asserted claims in his prior cases, like he has done here, alleging violations of his constitutional rights for a prison official's failure to follow the grievance process.  This Court has repeatedly dismissed such claims, noting they do not state a cognizable claim as an inmate does not have a constitutional right to a grievance process.  *See, e.g., Rivera v. Byars*, C/A No. 8:12-cv-03214-JMC, 2013 WL 5818612, at *1 (D.S.C. Oct. 24, 2013) ("Because Plaintiff has no right to participate in a grievance procedure and he has not sufficiently pled an access to courts claim, the court dismisses Plaintiff's complaint."); *Rivera v. Long*, C/A No. 8:12-cv-00233-JMC, 2013 WL 842324, at *5 (D.S.C. Feb. 1, 2013) (dismissing Plaintiff's action and finding that, "even if Plaintiff's grievances have not been processed, Plaintiff has not stated a constitutional claim"), *R&R adopted by* 2013 WL 841756 (D.S.C. Mar. 6, 2013); *Rivera v. Stirling*, C/A No. 8:15-cv-03650-JMC, 2016 WL 3406234, at *2 (D.S.C. June 16, 2016) (dismissing Plaintiff's complaint and noting "a mere violation of an inmate grievance system does not violate the Constitution"), *aff'd*, 671 F. App'x 57 (4th Cir. 2016); *Rivera v. Leonard*, C/A No. 5:15-cv-01191-DCN, 2016 WL 3364905, at *4 (D.S.C. June 17, 2016) ("[E]ven if corrections officials fail to properly apply an inmate grievance procedure, such failure is not actionable under 42 U.S.C. § 1983."), *aff'd*, 672 F. App'x 262 (4th Cir. 2016).

Likewise, Plaintiff has frequently raised claims concerning censorship of his mail in his prior actions, and he has previously challenged the same or similar SCDC Policy provisions concerning inmate mail.  Again, this Court has repeatedly dismissed such claims for Plaintiff's failure to state a claim for relief that is cognizable.  *See, e.g., Rivera v. Long*, C/A No. 8:12-cv-00233-JMC, 2013 WL 842324, at *5 (D.S.C. Feb. 1, 2013) (finding Plaintiff's complaint in that case failed to state a cognizable constitutional claim for tampering with his mail and for interfering with the grievance process), *R&R adopted by* 2013 WL 841756 (D.S.C. Mar. 6, 2013); *Rivera v.*

*Byars*, C/A No. 8:12-cv-02469-JMC, 2013 WL 3894843, at *7 (D.S.C. July 25, 2013) (dismissing Plaintiff's claim concerning mail because he failed to demonstrate that the SCDC Policy at issue did not meet some penological interest or that no alternative avenues remained open for him to exercise his First Amendment rights).

In light of Plaintiff's prior cases asserting similar meritless claims, the present action may be dismissed because it is frivolous and malicious. *See Neville v. McCaghren*, C/A No. 1:20-cv-00065-MR-WCM, 2020 WL 8993121, at *2 (W.D.N.C. Mar. 9, 2020) ("Litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions."). This Court has previously warned Plaintiff against filing similar meritless claims:

> Plaintiff has been advised in prior lawsuits decided by this Court that an inmate's access to and participation in a prison's grievance process is not constitutionally protected. *See supra*, footnote 1. Thus, Plaintiff should know that this lawsuit has no arguable basis in law, and it is frivolous because he seeks to litigate that meritless claim again. *See Nagy v. FMC Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (explaining that "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.'"); *Worley v. Keller*, 475 Fed. App'x 484 (4th Cir. 2012) (a suit is frivolous if it lacks an arguable basis in law or fact).

*Rivera v. Stirling*, C/A No. 8:16-cv-206-JMC-JDA, 2016 WL 4251593, at *3 (D.S.C. Feb. 24, 2016) (noting "[t]his Court has explained in Plaintiff's prior actions that there is no constitutional right to participate in a prison grievance process"), *R&R adopted by* 2016 WL 4196671 (D.S.C. Aug. 9, 2016).

> This Court is hereby warning Plaintiff that his filing of very similar lawsuits over and over again pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, indicates malicious behavior. Courts and Congress have recognized that a litigant proceeding *in forma pauperis*, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1762 (2015). This statute

14

> authorizes the District Court to dismiss a case if it is satisfied that the action is malicious. And, if Plaintiff keeps filing lawsuits raising similar facts and legal claims over and over again pursuant to the *in forma pauperis* statute, this Court will deem them to be maliciously filed in an attempt to waste judicial resources.

*Rivera v. Stirling*, C/A No. 8:16-cv-481-JMC-JDA, 2016 WL 4249508, at *3 (D.S.C. Mar. 15, 2016), *R&R adopted by* 2016 WL 4196673 (D.S.C. Aug. 9, 2016). Despite these clear warnings to Plaintiff, he continues to file the same meritless claims. As such, this action should be dismissed as frivolous and malicious.

## CONCLUSION AND RECOMMENDATION

Plaintiff has failed to allege facts to state a cognizable constitutional claim, and this action is therefore subject to summary dismissal. Additionally, the claims asserted in this action are frivolous and malicious in light of the Court's prior warnings to Plaintiff against filing such actions. Therefore, Plaintiff's Complaint should be DISMISSED[6] pursuant to 28 U.S.C. § 1915A without leave to amend.[7]

---

[6] Although this action originated in the state court, it should be dismissed and not remanded. The Complaint asserts claims premised on purported violations of the United States Constitution. Although the Complaint makes a cursory reference to the South Carolina Constitution, ECF No. 1-1 at 3, Plaintiff cites only federal statutes as the basis for his claims and the Court's jurisdiction, *id*. at 3–4 ("This is a civil action authorized by 42 U.S.C. Section 1983 . . ." The Court has jurisdiction under 28 U.S.C. section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. section 2201 and 2202."). The Court is unable to glean any cognizable state court claim. Given the frivolous and malicious nature of Plaintiff's claims, the action as a whole should be dismissed rather than remanded.

[7] Any attempt to cure the deficiencies would be futile for the reasons stated herein. Accordingly, the District Court should dismiss this action without affording Plaintiff an opportunity to amend his Complaint. *See Workman v. Kernell*, C/A No. 6:18-cv-00355-RBH-KFM, 2018 WL 4826535, at *2 n.7 (D.S.C. Oct. 2, 2018) (declining to grant an opportunity to amend where amendment would be futile); *see also Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) ("[W]hen a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable.").

15

IT IS SO RECOMMENDED.

s/William S. Brown<br>United States Magistrate Judge

October 4, 2024
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

16

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).